# In re: Petition of John Ostrowske.

*Insolvent debtor—Discharge—Act of June 1, 1915, P. L. 704.*

On a petition to discharge an insolvent debtor under the provisions of the Act of June 1, 1915, P. L. 704, the court may exercise its discretion and discharge the petitioner if it is satisfied that the facts warrant such action.

It is not necessary that the debtor shall have remained in jail for sixty days before he can obtain his discharge. The defendant may

Syllabus—Opinion of the Court. [79 Pa. Superior Ct.

be discharged at any time if he impresses the court by a presentation of the facts as provided by the act. The court may exercise its discretion and consider the character of the testimony which resulted in the judgment, but after sixty days have expired, if the defendant complies with the law he is entitled to his discharge. Before the expiration of sixty days it is a matter of grace, after that it is a matter of right.

Argued May 3, 1922. Appeal, No. 148, April T., 1922, by Emma P. Gestrich, a creditor, for the order of C. P. of Allegheny Co., July T., 1921, No. 3843, granting the petition of John Ostrowske for the benefit of the insolvent laws. Before Orlady, P. J., Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Petition by an insolvent debtor for discharge. Before Evans, J.

The facts are stated in the opinion of the Superior Court.

The court granted the petition. Emma P. Gestrich, a creditor, appealed.

*Error assigned,* among others, was the order of the court.

*O. H. Rosenbaum,* and with him *H. I. Riley,* for appellant.

*Joseph A. Richardson,* for appellee.

Opinion by Trexler, J., July 13, 1922:

Judgment for $400 based upon a verdict recovered in a case of trespass for false arrest and imprisonment was entered against the defendant. A capias ad satisfaciendum was issued and thereupon the defendant presented his petition for discharge under the insolvent laws. This was refused. He then presented his petition for a rehearing and this being granted and the hearing being had the court found that the defendant was with-

out means and property with which to pay the judgment and that he had not secreted or assigned his property to avoid the payment and accordingly discharged him. The appellant claims that the court erred in making the order and misconstrued the law in discharging the defendant.

The Act of June 1, 1915, P. L. 704, providing for the discharge of persons arrested or held on process issued on the judgment obtained in civil actions in section 4 states: "Upon the hearing of the rule, the petitioner shall be required to answer all questions put to him, and shall produce all books and papers required of him; and if it shall appear to the court that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the court may discharge him from arrest and in said proceedings; but such discharge shall not in any way affect the judgment entered against him. Any person arrested or held in custody on or by virtue of, any process issued on a judgment obtained in any civil action in this Commonwealth shall be discharged at the expiration of sixty days from the date of the commitment, if compliance is had with all the requirements of this act and all other acts of assembly relating to insolvency."

The order of court finds specifically that defendant has met the requirements of the act and the testimony supports the conclusion reached by the lower court. If we agree with the appellant that the word "may" in the act does not mean "must" it will not affect the case for there is no expression of the court that would warrant the conclusion that the court considered it was compelled to discharge the defendant. On the contrary, there is every reason for presuming that the court exercised the discretion vested in it by the section of the act above quoted.

The other proposition urged is that the defendant under the act must continue in jail for sixty days before

he can obtain his discharge. We do not so construe it. The defendant may be discharged at any time if he impresses the court by a presentation of facts as provided by the act. The court, however, may exercise its discretion and no doubt may consider the character of the action which resulted in the judgment but after sixty days have expired, if the defendant complies with the law he is entitled to his discharge. Before the expiration of sixty days it is a matter of grace, after that it is a matter of right. This we think is the plain reading of the act and this construction gives effect to the entire section.

The assignments of error are overruled and the appeal is dismissed.