# Doescher's Petition.

*Negligence—Death—Widow—Arrest—Insolvency laws—Act of June* 16, 1836, *P. L.* 729.

A defendant against whom a judgment is recovered for the death of plaintiff's husband caused by defendant while coasting on a sled in a public street, is entitled to be discharged under the insolvency laws without undergoing actual confinement during a term of at least sixty days, as provided by the Act of June 16, 1836, P. L. 729. The act applies only to such causes of action as are founded upon actual force directed immediately against the person or property of the party plaintiff.

Argued April 11, 1901.    Appeal, No. 34, April T., 1901, by Mary Weigel, from order of C. P. No. 1, Allegheny Co., June T., 1900, No. 528, discharging Louis Doescher under the insolvency laws in the Petition of Louis Doescher.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for discharge under the insolvency laws.

The petition of Louis Doescher was presented on May 26, 1900, setting forth that he was held in custody under a writ of ca. sa. at suit of Mary Weigel; that he was discharged upon giving security to appear at the next term of court and present his petition for the benefit of the insolvent laws; that he has resided in the county for six months prior to his application; that he was not in custody by virtue of any process issued upon any judgment obtained against him in an action founded upon actual force, or upon actual fraud or deceit, or in an action for libel or slander, malicious prosecution or conspiracy, or in an action for seduction, or criminal conversation; that he is willing to deliver up his property for use of his creditors; that his only debt is a judgment obtained by Mary Weigel against petitioner and others for $800 with interest from October 28, 1896, in an action of trespass at No. 874, June term, 1895; that the cause of his insolvency is said judgment which was obtained by Mary Weigel in said action of trespass upon the cause of action as set forth in the statement, viz:

Plaintiff says that on January 27, 1895, the defendants were engaged in coasting on Virginia avenue, a steep street of

the city of Pittsburg, contrary to an ordinance of said city, and were thereby guilty of committing a public nuisance. Plaintiff's husband, Frederick Weigel, while crossing said street was struck and run into by a bobsled, owned and propelled by defendants, knocked down and so badly injured that he died.

Petitioner says further that it is true that he with others were riding a large bobsled down Virginia avenue, and that Frederick Weigel attempted to cross the avenue in front of said sled when he was struck by the rear end of said sled, but that petitioner and the others did all they could to avoid said collision.

The court made the following order:

And now, June 30, 1900, the court being of opinion that the petitioners are entitled to discharge without first serving the sixty days' imprisonment provided by law in cases where the judgment was obtained in an action founded upon actual force, overrules the objections filed to petitioner's discharge and orders their discharge on complying with the necessary requirements of the law in such cases.

*Error assigned* was the order of the court.

*F. C. McGirr*, of *Marron & McGirr*, for appellant.—The action in this case was founded upon actual force, and the petitioner is not entitled to his discharge until he shall have been in actual confinement for a period of sixty days: Com. v. Wright, 7 York, 62; Com. v. Dooley, 19 Pa. C. C. R. 867; Smith v. Com., 100 Pa. 324; Queen v. Martin, 8 Q. B. Div. 54; Graeff's Case, 12 Pa. C. C. R. 443; Widmier's Case, 10 Phila. 81; In re Paxson, 1 Chester County Rep. 482; Delaney's Case, 2 Phila. 393.

*C. E. Theobald*, with him *James T. Buchanan*, for appellee.—The only adjudged cases in which I can find that this question has been considered seem to construe the words " actual force" as used in this 17th section of the act of June 16, 1836, to mean force wantonly, wilfully, or maliciously applied or exerted, as distinguished from force that is the result of accident or negligence, or that is inferred from the commission of some unlawful act: Graeff's Case, 12 Pa. C. C. R. 443 ; Widmier's Case,

10 Phila. 81; Delaney's Case, 2 Phila. 393; Drumm v. Mac-Taggart, 3 Pa. Dist. Rep. 367.

The acts of 1851 and 1855 do not provide for the survivorship of the cause of action accruing to the party injured, but creates an entirely new cause of action wholly unknown to the common law: Fink v. Garman, 40 Pa. 95; Gross v. Electric Traction Co., 180 Pa. 99; Zeller's Petition, 3 Pa. Dist. Rep. 520.

The measure of damages in cases of this kind is not the loss or suffering of the deceased, but the injury resulting from his death to his family: Penna. R. R. Co. v. Zebe et ux., 33 Pa. 318; Penna. R. R. Co. v. Henderson, 51 Pa. 315; Penna. R. R. Co. v. Butler, 57 Pa. 335; Huntingdon & Board Top R. R. Co. v. Decker, 84 Pa. 419; Penna. R. R. Co. v. Adams, 55 Pa. 499; North Penna. R. R. Co. v. Kirk, 90 Pa. 15; Lehigh Iron Co. v. Rupp, 100 Pa. 95.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901:

The defendant, while coasting upon a bobsled on one of the streets of the city of Pittsburg with some other young men, struck and killed Frederick Weigel, whose wife recovered a judgment for damages for his death. A ca. sa. was issued. The court below on petition ordered the defendant's discharge. The proviso of the Act of June 16, 1836, P. L. 729, is, "that if the petitioner shall be in custody or imprisonment at the time of such order by virtue of process issued upon any judgment obtained against him in an action founded upon actual force, . . . . where the damages found by the jury shall exceed one hundred dollars, or if such petitioner shall be afterwards arrested by virtue of process issued upon any such judgment obtained against him previously to such order, he shall not be entitled to be discharged from such imprisonment or arrest until he shall have been in actual confinement during a term of at least sixty days."

This case does not involve a critical analysis of the meaning of the words "actual force." Conceding that actual force was the cause of Weigel's death, is that force the foundation of the widow's action for damages? We answer the question with a negative. At common law the wife had no right of action for injury sustained by her by reason of the death of her husband. Her right of action is founded upon the provisions of the act of

April 15, 1851, sec. 19, which provides that she may "maintain an action for and recover damages for the death" when it has been "occasioned by unlawful violence or negligence." The act of April 26, 1855, sec. 1, designates the persons who may recover damages for injuries causing death; provides the method in which the sum recovered shall be distributed among them and that it shall be without liability to creditors. It is thus seen that it was not survivorship of the cause of action in the party injured which the legislature meant to provide, but "the creation of an original cause of action in favor of the surviving widow:" Fink v. Garman, 40 Pa. 95. Wherefore, it is manifest that the action of the widow is not "founded upon actual force," but upon the injury resulting from actual force exerted against another than the plaintiff. The act applies not to such causes of action, but to those founded upon actual force directed immediately against the person or property of the party plaintiff. The rule fixing the measure of damages applicable in a suit by a widow aids this construction. It is not compensation for injuries inflicted by force, but the pecuniary loss suffered by the parties deprived of a relative; and that loss is what the deceased would probably have earned: Penna. R. R. Co. v. Butler, 57 Pa. 335.

We affirm the order of the court below.