# Rittenhouse's Insolvent Estate.

*Bankruptcy—Insolvency—Wage earners—Farmers—Act of congress of July 1, 1898—Act of Pennsylvania, June 4, 1901, P. L. 404.*

The insolvency Act of June 4, 1901, P. L. 404, is not suspended by the federal bankrupt act of July 1, 1898, as to wage earners and persons engaged chiefly in farming or the tillage of the soil.

Where the property of a farmer has been sold by the sheriff, and thereafter insolvency proceedings have been instituted against the defendant in the execution under the Act of June 4, 1901, P. L. 404, the court in making an order directing the sheriff to pay over the proceeds of the sale to the receiver of the insolvent, cannot at the same time direct that the execution and all legal proceedings thereon be vacated and set aside.

Argued Jan. 8, 1906. Appeal, No. 47, Jan. T., 1906, by M. H. Rittenhouse et al., from order of C. P. Columbia Co.,

Sept. T., 1904, No. 5, directing sheriff to pay over proceeds of sale In re Insolvent Estate of H. F. Rittenhouse. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Decree modified.

Demurrer to petition for order on sheriff.

The petition was as follows:

The petition of Frank Ikeler, receiver of the estate of H. F. Rittenhouse, an insolvent, respectfully represents:

That prior to the appointment of your petitioner as receiver of the estate of the above mentioned insolvent, the said H. F. Rittenhouse confessed two certain judgments to H. Burket and M. H. Rittenhouse, respectfully, which were entered of record in the above named court to Nos. 92 and 93 of December Term, 1904.

That writs of fieri facias were duly issued upon said judgments to Nos. 34 and 35 of December Term, 1904, and the personal property of the defendant levied upon and sold by the sheriff of said county, on October 25, 1904, for the sum of $550.

That the proceeds of said sale still remain in the hands of the sheriff, and that no return has been made of the aforesaid writs of fi. fa.

Wherefore, your petitioner prays the court to make a decree vacating and setting aside the above mentioned writs of execution, and all legal proceedings had thereon, and directing that the proceeds of said sale now in the hands of the sheriff of Columbia county shall be forthwith paid to your petitioner as receiver aforesaid.

The demurrer was as follows:

1. Your respondents appear, and, submitting themselves to the court, allege that they ought not to be required to answer the said petition because it appears from the reading of the petition that the petitioner is not entitled to the relief prayed for.

2. The Pennsylvania act of June 4, 1901, under which the petitioner's application is made, relating to insolvency, is suspended by reason of the existence of the federal bankrupt act of July 1, 1898, and does not become operative as to the persons and subjects to which the federal act applies.

470    RITTENHOUSE'S INSOLVENT ESTATE.

Statement of Facts—Opinion of the Court. [30 Pa. Superior Ct.

Your respondents therefore pray that the petition may be dismissed at the costs of the petitioner.

The court made the following order:

And now, July 27, 1905, after hearing and argument upon. the above mentioned demurrer, and in accordance with the order of court filed June 5, 1905, judgment is entered upon said demurrer in favor of the petitioner, Frank Ikeler, receiver, and said demurrer is overruled; and it is further ordered and directed that the writs of fi. fa. numbered 34 and 35, December Term, 1904, in the court of common pleas of Columbia county, issued upon judgments of H. Burket, and M. H. Rittenhouse against H. F. Rittenhouse, be vacated and set. aside, together with all legal proceedings had thereon; and it is further ordered that W. W. Black, sheriff of Columbia county, forthwith pay to Frank Ikeler, receiver, the proceeds of the. sheriff's sale of the personal property of the said defendant, H. F. Rittenhouse, had upon said writs, and that he make return thereof, accordingly.

*Error assigned* was the action of the court.

*Charles C. Evans*, for appellants.

*Fred Ikeler*, with him *John M. Clark*, for appellee.

OPINION BY HENDERSON, J., March 12, 1906:

We held in Citizens' National Bank v. Gass, 29 Pa. Superior Ct. 125, that the Act of June 4, 1901, P. L. 404, was not suspended by the federal bankrupt act as to wage-earners and persons engaged chiefly in farming or the tillage of the soil, because of the exception in the 4th section of chapter 3 of the act of congress of July 1, 1898, in favor of persons in the classes named. If a person of one of the excepted classes invoke the action of the national bankrupt law the jurisdiction of the United States is exclusive; but unless such action is instituted the act of June 4, 1901, is in force. It is only suspended as to persons who can be subjected to the operation of the act of congress. A proceeding of involuntary insolvency cannot be maintained against a wage-earner or person engaged chiefly in farming or the tillage of the soil under the lat-

ter act and there is no antagonism between the state and federal laws in regard to such insolvencies. The efficiency of the act of 1901, was declared in Musser v. Brindle, 23 Pa. Superior Ct. 37, in which case executions against an insolvent farmer were set aside on the application of the assignee. See also Charles v. Smith, 29 Pa. Superior Ct. 594. The action of the court in overruling the demurrer of the appellants was in harmony with our decisions.

The order of the court is broader, however, than the exigency of the situation requires. The executions were issued on October 13, 1904, and the personal property of the defendant was sold by the sheriff on the 25th of the same month. The petition of the receiver was not presented until January 16, 1905. There was nothing irregular about the proceedings leading up to the sheriff's sale. The most that the petitioner was entitled to was an order for the transfer of the fund in the sheriff's hands to him and a stay of the execution so far as it operated upon the defendant's real estate. Manifestly an order setting aside the executions and all legal proceedings had thereon would be invalid to affect the title acquired by purchasers at the sheriff's sale of the defendant's personal property, for at that time no objection was made to the proceeding and the sheriff had full authority to execute his writs. It was by force of them that the money was made which the court directed the sheriff to pay to the receiver. It would be inconsistent to set aside the executions and the proceedings had thereon and at the same time to ratify the action of the sheriff by directing the payment of the money made on the writs to the petitioner.

The order of the court is therefore amended so that it shall require the sheriff of Columbia county to pay Frank Ikeler, receiver, the proceeds of the sheriff's sale of the personal property of the defendant, H. F. Rittenhouse, less the sheriff's costs in executing the writs, and that further proceedings on the said writs be stayed.

The decree as thus amended is affirmed.