# Landis Machine Company, Appellant, *v.* Cooper.

*Bankruptcy—Insolvency—Act of Congress of July 1, 1898, Act of June 4, 1901, P. L. 404—Insolvents owing less than $1,000.*

1. The Federal Bankrupt Act of July 1, 1898, 30 Statutes at Large, 544, does not supersede the Pennsylvania Insolvent Act of June 4, 1901, P. L. 404, where the insolvent owes debts less than $1,000 in amount.

2. In an action of replevin against the assignee of an insolvent to recover goods which were admitted to have been delivered to the assignor by the plaintiff under a conditional sale, the plaintiff is bound to aver in his statement that the assignor owed debts in excess of $1,000 in amount. He is bound to show that the insolvent was within a class which made the state law inoperative.

Argued Dec. 13, 1912.    Appeal, No. 180, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1911, No. 4,538, sustaining demurrer to statement of claim in case of Landis Machine Company v. Samuel W. Cooper, Assignee of the Consolidated Sporting Goods Manufacturing Company.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Replevin for a machine.

Demurrer to statement of claim.

The opinion of the Superior Court states the case.

*Error assigned* was in sustaining the demurrer.

*G. W. Carr*, of *Carr, Beggs & Steinmetz*, for appellant, cited: Potts v. Smith Mfg. Co., 25 Pa. Superior Ct. 206; Peckham's Est., 35 Pa. Superior Ct. 330.

*Percival H. Granger*, with him *J. Howard Reber*, for appellee, cited: Ott v. Sweatman, 166 Pa. 217; Miller v. Jackson, 34 Pa. Superior Ct. 31; Citizens' Nat. Bank v. Gass, 29 Pa. Superior Ct. 125; Hoover v. Ober, 42 Pa. Superior Ct. 308; Fritz v. Hathaway, 135 Pa. 274.

OPINION BY PORTER, J., April 21, 1913:

The plaintiff in this action of replevin filed a statement to which the defendant demurred, and the plaintiff having joined issue on the demurrer, the court below entered judgment in favor of the defendant. The grounds of demurrer were that, under the facts alleged in the statement, the contract under which the machine in question was delivered to the Consolidated Sporting Goods Manufacturing Company constituted a conditional sale, that when the purchaser executed a general assignment for the benefit of creditors to the defendant, the title to and right to possess the property vested in the assignee for the benefit of creditors, by force of the provisions of sec. 17 of the Act of June 4, 1901, P. L. 404; and upon the facts averred in the statement the plaintiff was not entitled to recover.

The appellant, plaintiff, concedes that the contract under which it delivered the machine to the sporting goods company was a conditional sale, and, also, that the provisions of the act of June 4, 1901, if to be enforced, would entitle the assignee for the benefit of creditors to hold the property as against the right of the plaintiff to retake it under the covenants in the contract of sale. The appellant contends that the operation of the act of June 4, 1901, must be regarded as suspended so long as the National Bankrupt act of July 1, 1898, 30 Statutes at Large, 544, continues in force. The sole question is, therefore, whether under the facts averred in the statement the operation of the act of 1901 is suspended, by the bankrupt act. The act of 1901 is only suspended as to persons who can, without their consent, be made subject to the provisions of the Federal Bankrupt Act: Citizens' National Bank v. Gass, 29 Pa. Superior Ct. 125; Miller v. Jackson, 34 Pa. Superior Ct. 31; Hoover v. Ober, 42 Pa. Superior Ct. 308. The fourth section of the bankruptcy act of July 1, 1898, as amended, specifies what classes of persons or corporations shall be subject to be adjudged involuntary bankrupts, but there is one qualification which applies to all such persons or corporations, viz.: "owing debts to the amount of one

thousand dollars or over." One who does not possess this qualification may not be adjudged an involuntary bankrupt. The provisions of the act of 1901 are not suspended as to any person or corporation unless he or it owes debts to the amount of $1,000 or over. The plaintiff did not in its statement aver that the Consolidated Sporting Goods Manufacturing Company owed debts to the amount of $1,000 or over. The plaintiff was bound to aver the facts which made the state law inoperative in this case, and having failed to do so, the provisions of the statute must be enforced. The specification of error is dismissed.

The judgment is affirmed.