# Matz *v.* Haug, Appellant.

*Insolvent debtors—Discharge—Act of June 1, 1915.*

On petition to discharge a prisoner arrested on civil process, under the provisions of the Act of June 1, 1915, P. L. 704, section 4, the court may exercise its discretion and discharge a petitioner if it is satisfied that the facts warrant such action, or it may refuse the petition if sixty days have not elapsed from the date of the commitment.

A proper construction of the language of the act means that the court may exercise its discretion and may consider the character of the action in arriving at its conclusion, but is not compelled to discharge the defendant unless sixty days have expired. Before the expiration of sixty days the discharge is a matter of grace; after that it is a matter of right.

Argued March 16, 1923. Appeal, No. 94, Oct. T., 1923, by defendant, from decree of C. P. Berks County, Aug. T., 1921, No. 47, discharging rule to show cause why defendant should not be discharged from arrest on capias ad satisfaciendum in the case of Cecilia W. Matz v. Ella Haug, appellant. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal dismissed.

Rule to show cause why one arrested on a civil process should not be discharged. Before WAGNER, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Joseph R. Dickinson,* for appellant.

*H. P. Keiser,* for appellee.

OPINION BY TREXLER, J., April 18, 1923:

The plaintiff obtained judgment against the defendant in an action for crim. con. and issued a capias where-

upon the defendant presented her petition under the Act of June 1, 1915, P. L. 704, praying for her discharge from arrest. After the hearing provided by said act the court refused to discharge the defendant; hence this appeal. The Act of June 1, 1915, P. L. 704, section 4, directs "Upon the hearing of the rule the petitioner shall be required to answer all questions put to him, and shall produce all books and papers required of him; and if it shall appear to the court that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the court may discharge him from arrest and in said proceedings; but such discharge shall not in any way affect the judgment entered against him. Any person arrested or held in custody on or by virtue of, any process issued on a judgment obtained in any civil action in this Commonwealth shall be discharged at the expiration of sixty days from the date of the commitment, if compliance is had with all the requirements of this act and all other acts of assembly relating to insolvency." The appellant claims that the word "may" should be construed as "shall." We had this same matter before us in petition of John Ostrowske, 79 Pa. Superior Ct. 311. We there held that the word "may" did not mean "shall," that the proper construction of the act was that the court might exercise its discretion and among other things might consider the character of the action in arriving at its conclusion, but was not compelled to discharge the defendant unless sixty days had expired. We took occasion to say that before the expiration of sixty days the discharge is a matter of grace, after that, it is a matter of right. There is nothing in the argument of the appellant which would lead us to change our opinion. There are numerous cases in which it is decided that "may" may be construed "shall" in order to effectuate the intention of the legislature. There must, however, be some reason for the construction aris-

583, (1923).]          Opinion of the Court.

ing out of the act. In this case the words "may" and "shall" are used in juxtaposition in the same section and there is no reason why we should say that being so used they both mean the same, when they are evidently applied to different situations, the one, where the application is made before the sixty days expire, and the other, after.

The assignments of error are overruled and the appeal is dismissed.