## McFadden et ux. v. Stamm.

*Imprisonment under process in civil action—Discharge—Act of July 1, 1915, P. L. 704.*

A person held under process issued on a judgment obtained in a civil action will be discharged when it is shown by the testimony taken under a rule for his discharge that he was without means to pay the judgment, that he had not secreted or assigned his property to avoid payment of the judgment, that he had a wife and four young children to support and that plaintiff could derive no benefit from his continued imprisonment, except the satisfaction of having him in prison.

Rule for discharge from imprisonment under process issued on a judgment obtained in a civil action. C. P. Dauphin Co., Sept. T., 1923, No. 509.

*George Kunkel*, for petition; *Beidleman & Hull*, contra.

Fox, J.—This matter comes before us upon a rule to show cause why the petitioner should not be discharged from arrest under civil process. The petition for the rule in substance avers that a writ of *fieri facias* with *capias ad satisfaciendum* attached had been issued in execution of a judgment recovered against the defendant in an action in trespass for the death of the plaintiff's minor child, occasioned by the defendant's negligent operation of an automobile on or about July 12, 1923. It also discloses all that is required in the 1st section of the Act of July 1, 1915, P. L. 704.

To this petition an answer was filed which in substance avers: That the defendant, when the sheriff was executing the writ of *fieri facias* with *ca. sa.* attached and requested information of the defendant as to his property, the latter answered that he had no property, which amounted to a secretion, and that, in connection with the defendant's other conduct, *i. e.*, in the use of foul

McFadden et ux. *v.* Stamm.

and opprobrious language to the attorney for the plaintiff when he was endeavoring to collect the judgment, the discharge should not be granted.

A hearing was had, and the notes of testimony disclose that the defendant operates a small automobile repair shop at No. 1442 Vernon Street, previously at No. 123 South 13th Street; that personal property therein consists of tools, lamps, wires, etc., is worth about $100; that he has book accounts or bills collectible to the amount of about $200; that he has insurance policies, the cash surrender value of which is about $150, making a total amount of assets of approximately $450; that his debts, not including this judgment, are $2459, but including the judgment, which is $1826.50, amount to $4285.50.

There is no objection in the answer to the verity of the statements contained in the petition as required by section 1 of the act above mentioned, nor was any objection made at the hearing that notice of this proceeding to all of the creditors of the defendant had [not] been given.

It has frequently been decided that under the provisions of the act above cited, the court may exercise its discretion and consider the character of the testimony which resulted in the judgment.

In the case of Matz *v.* Haug, 80 Pa. Superior Ct. 583, it was decided that the court may exercise its discretion and discharge the defendant if the facts warrant such action, or it may refuse, etc., and it may take into consideration the character of the action in arriving at its conclusion. See, also, In re Petition of John Ostrowske, 79 Pa. Superior Ct. 311.

At the hearing, the defendant produced all books and papers required of him and gave full information of all his assets. It also appeared that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid payment of the judgment. He is thirty-one years of age, has a wife and four young children, and although his conduct in the use of language to the attorney for the plaintiffs was very disrespectful and unbecoming, yet we fail to see how anything can be gained by keeping the defendant in prison for the period of sixty days. That probably would mean the breaking up of his patronage and arresting his support of his wife and children, and the results to them, at least, would be direful. From the evidence in the case it is impossible for the defendant at this time to pay the plaintiffs' judgment and the imprisonment of the defendant would give to the plaintiff nothing, except perhaps satisfaction in having him in prison.

As expressing our feeling in this case, we quote what Judge Whitten said in part in the case of Sublinsky *v.* Morosky, 11 West. 176: "For the present, it seems proper that the defendant be discharged from arrest upon the present writ of *ca. sa.*, to the end that he may immediately support his family and later pay his just debts. The defendant should, however, pay the costs incident to the writ of *ca. sa.* at the above number and term."

Counsel for the defendant in the judgment, although the question is not raised in the petition, at the argument of the case contended that the case upon which this judgment was obtained is a case to which the Act of June 16, 1836, P. L. 729, is not applicable, citing Doescher's Petition, 18 Pa. Superior Ct. 346, as his authority therefor. Under the pleading in the case, and in the light of what we have already said, we do not think it is necessary for us at this time to pass upon this contention.

And now, Aug. 5, 1925, the rule is hereby made absolute and the petitioner is directed to pay the costs incident to the writ of *capias ad satisfaciendum* issued to the above number and term.

From George R. Barnett, Harrisburg, Pa.