De Turk *v.* Gackenbach, Appellant.

Argued December 11, 1928.

Before Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*H. E. Potter,* and with him *Frank A. Moorshead,* for appellant.

*Harvey F. Heinly,* of *High, Dettra & Swartz,* for appellee.

Opinion by Cunningham, J., March 1, 1929:

The only question properly involved on this appeal is whether, under the provisions of the Act of June 1, 1915, P. L. 704, the court below abused its discretion in refusing to discharge appellant, before commitment, from arrest upon a capias ad satisfaciendum. The judgment upon which the capias issued was rendered against appellant in an action of trespass to recover damages for deceit in falsely, fraudulently and knowingly misrepresenting to the plaintiff the value of certain shares of stock which he was induced to buy from appellant or his representatives.

The action was instituted in Montgomery County on April 14, 1925, by a praecipe for a capias ad respondendum, accompanied by an affidavit to hold to bail; this capias was allowed and the amount of bail fixed by the court; defendant gave the required bond, entered a general appearance, filed an affidavit of defense and went to trial. The trial resulted on March 22, 1927, in an award of damages to the plaintiff in

the sum of $5,536.63; defendant's motions for judgment n. o. v. and for a new trial were overruled and judgment entered on the verdict February 28, 1928. Immediately upon his arrest under a capias ad satisfaciendum on June 4, 1928, appellant presented his petition under the Act of 1915 and obtained a rule to show cause why he should not be discharged. The petition and schedules were in conformity with the act but, after hearing and argument, an order was entered discharging the rule, from which order this appeal was taken. Plaintiff is a resident of Berks County and defendant of Montgomery, where he was engaged in the real estate business, and the representations upon which the action was based were made in Berks County.

Counsel for appellant endeavor to raise two questions in addition to the one we have stated: they argue that as the tort was committed in Berks County the action could not be brought in Montgomery and that, under all the facts, the action should have been in assumpsit. As neither of these objections was raised at the trial, they could not be injected into the proceedings for discharge nor considered upon this appeal: Fennell v. Guffey, 155 Pa. 38. The Act of 1915 provides for the discharge of persons arrested or held on process issued on a judgment obtained in a civil action. Under it, if the court out of which the process issued is satisfied that "the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment," it may discharge him from arrest; it is further provided that any person so held in custody "shall be discharged at the expiration of sixty days from the date of the commitment," upon complying with all the requirements of the acts relating to insolvency. This act was construed by this court in Ostrowske's Petition, 79 Pa. Superior Ct. 311, and Matz

v. Haug, 80 Ibid. 583, and it was held that the word "may" as used in the act does not mean "shall;" that the act provides for an application either before the defendant has undergone any imprisonment or after he has served sixty days; and that when application is made before imprisonment the court "may" in the exercise of its discretion, after considering all the facts, including the character of the action which resulted in the judgment, discharge the defendant, but, where the application is made after sixty days' imprisonment, the discharge "shall" be granted. "Before the expiration of sixty days it is a matter of grace, after that, it is a matter of right": Ostrowske's Petition, supra.

The order of the court below is supported by an opinion in the course of which the learned judge who heard the application states his reasons for discharging the rule. Among them are these: "The testimony [in the original action] leads to but one conclusion, namely, that the defendant was the moving spirit in a bald and brazen swindle. Nor is there much in his conduct subsequent to the judgment to recommend him for favorable consideration. Insolvent he is and destitute of assets, but he rides around in an automobile in which he has some money concealed in his wife's name. Confronted with many debts he apparently has not sought employment, but states he is in the real estate business, although he declares he has made nothing since November, 1927. The expenses of his household, consisting of his wife and three children, since January, 1928, have been defrayed by the wife." It is further stated that the member of the court below who presided at the trial concurred with the judge who heard the present application in the conclusion that appellant was not entitled to the discharge applied for. Upon an examination of the record we find nothing which would warrant us in

holding that the discretion of the court below has been improperly exercised.

The order is affirmed at the costs of appellant; the record is remitted to the court below and appellant is directed to surrender himself in that court within twenty days after the return of the record.