Kubit, Appellant, *v.* Witt et al.

Argued May 4, 1937.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Edward O. Spotts, Jr.,* with him *Claster & Claster,*
for appellant.

*Harold E. McCamey,* of *Dickie, Robinson & Mc-
Camey,* for appellee.

OPINION BY STADTFELD, J., July 15, 1937:

On December 12th, 1933, Joe Kubit, appellant, re-
covered a verdict against H. C. Witt and N. C. Witt,
trading as Witt Bros., in the sum of $2,162, in an
action of trespass for personal injuries and property
damage resulting from a collision of plaintiff's auto-
mobile and a truck belonging to the two defendants.
We gather from the opinion of the court below that the
truck of defendants was at the time being operated by
an employee. Judgment was duly entered on the ver-
dict.

On July 28, 1936, plaintiff issued a writ of capias
ad satisfaciendum against N. C. Witt, one of the de-
fendants, who, on September 14, 1936, presented a peti-
tion asking to be discharged as insolvent under the Act
of June 1, 1915, P. L. 704.

At the hearing on the rule for discharge, the defendant, N. C. Witt, submitted himself for examination as a witness. We quote from the opinion by McNAUGHER, J., filed in said proceedings: "His uncontradicted testimony satisfies us that his liabilities are, and for a considerable period have been very greatly in excess of his assets and that he is an insolvent. Title to a house and lot was taken in an estate by the entireties some time before the injuries to plaintiff occurred. The only other property in which he is interested is an automobile which he purchased some time in 1933 and to which title was taken in the name of his wife. Its present value does not, we think exceed $300.00.

"Taking into account the circumstances of the accident which gave rise to plaintiff's judgment as well as defendant's inability to pay any but a very small fraction of the amount owing plaintiff even if the automobile were to be treated as his own, we are not disposed in the exercise of a sound discretion to refuse a discharge in insolvency. The law does not countenance imprisonment for debt unless the debtor has 'secreted or assigned any of his property so as to avoid the payment of the judgment.' We find that the defendant could not have paid the judgment in any case and therefore the taking of title of the automobile in the name of the wife could not be fairly said to have been an act of secretion 'to avoid payment of the judgment.' "

The Act of June 1, 1915, supra, provides, inter alia, as follows: Section 1: "Any person arrested or held in custody, on or by virtue of any process issued on a judgment in any civil action in this Commonwealth may present his petition to the Court, or any law judge thereof, out of which the process or execution issues, praying for his discharge from arrest. The petition shall set forth the nature of the proceedings out of which the process, by which the petitioner is held, is-

sued, the amount of the judgment therein obtained, a schedule of all the assets of the petitioner, a list of the creditors of the petitioner with amounts of their claims, the addresses of the creditors, and the nature of the debts owing to them; a statement as to why the petitioner is unable to pay the judgment and shall be verified by the affidavit of the petitioner."

Section 4: "Upon the hearing of the rule, the petitioner shall be required to answer all questions put to him, and shall produce all books and papers required of him; and if it shall appear to the Court that the Petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the Court may discharge him from arrest in said proceedings; but such discharge shall not in any way affect the judgment entered against him."

Appellant contends that the defendant, as disclosed by his examination, has and is concealing certain assets, and has done and committed certain acts which should deprive him of the right to a discharge.

The Act of 1915 has been before this court for construction in a number of cases. As stated by Judge TREXLER, In re: *Petition of John Ostrowske,* 79 Pa. Superior Ct. 311, on p. 314: "The defendant may be discharged at any time if he impresses the court by a presentation of facts as provided by the Act. The court, however, may exercise its discretion and no doubt may consider the character of the action which resulted in the judgment ......" and on p. 313 "...... there is every reason for presuming that the court exercised the discretion vested in it by the section of the Act above quoted." To same effect see *Matz v. Haug,* 80 Pa. Superior Ct. 583; *DeTurk v. Gackenbach,* 96 Pa. Super-

ior Ct. 38; *Miller's Petition,* 119 Pa. Superior Ct. 283, 180 A. 904.

The court below seems to have given careful consideration to the facts as they appeared. We cannot say that there was such an abuse of legal discretion as would warrant a reversal of the judgment.

The assignments of error are overruled and the order of the lower court affirmed.