Bloomington *v.* Shapiro, Appellant.

Argued October 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank Fogel,* for appellant.

*A. D. Gordon,* for appellee.

OPINION BY STADTFELD, J., December 17, 1937:

Plaintiff instituted suit in trespass against the defendant, alleging injuries sustained because of the negligent operation of an automobile by the defendant. The case was tried before ALESSANDRONI, J., and resulted in a verdict of $400 in favor of the plaintiff, for which judgment was entered.

A capias ad satisfaciendum was issued, and the defendant taken into custody.

The defendant filed a petition for discharge from arrest, under the provisions of the Act of June 1, 1915, P. L. 704 (39 PS 9). In the petition the defendant alleged his insolvency, and an inability to pay the judgment. No answer to this petition was filed.

In accordance with the Act, the defendant caused the requisite advertisements to be published, and notices to be sent.

Upon the return day of the rule, the defendant appeared for a hearing thereon before GORDON, P. J., of Court of Common Pleas No. 2 of Philadelphia County. Proofs of publication were offered, and the defendant was then sworn as a witness.

The defendant testified that he was a clothing salesman working on a commission basis; that he had a wife and two children; and that his earnings during the past year averaged $35 per week. He stated that he had no property, and was therefore unable to pay the judgment. He answered all questions put to him by counsel and the court.

Although no evidence to contradict the petitioner was offered, the court stated in its opinion filed that he did

not believe the witness, discharged the rule and committed him.

This appeal was then taken to this court and upon a petition being filed, a supersedeas was allowed and an order made that the appeal be prosecuted in forma pauperis.

This case arose out of an ordinary trespass action wherein the plaintiff claimed to have been injured by defendant's negligent operation of an automobile.

The defendant was the only one to testify as to his financial condition. It disclosed no property and showed a very limited earning capacity with a responsibility of a wife and two children. There was no evidence of the concealment of any assets. There was no contradiction of any matter to which defendant testified.

The relevant section of the Act of June 1, 1915, P. L. 704, under which the proceedings for discharge were instituted, reads as follows: "Upon the hearing of the rule the petitioner shall be required to answer all questions put to him, and shall produce all books and papers required of him; and if it shall appear to the court that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the court may discharge him from arrest and in said proceedings; but such discharge shall not in any way affect the judgment entered against him. Any person arrested or held in custody on or by virtue of, any process issued on a judgment obtained in any civil action in this Commonwealth, shall be discharged at the expiration of sixty days from the date of the commitment, if compliance is had with all the requirements of this act and all other acts of assembly relating to insolvency."

In the recent case of *Kubit v. Witt*, 127 Pa. Superior Ct. 434, 193 A. 81, decided July 15, 1937, the

court reaffirmed the principles enunciated in the leading case on the subject, *Miller's Petition,* 119 Pa. Superior Ct. 283, 180 A. 904. In that case, the lower court was reversed for refusing to discharge a defendant from arrest on a capias ad satisfaciendum. There the defendant had an income from a spendthrift trust, and had said he would rather sit in jail than pay the judgment. Nevertheless this court interpreting the law in accordance with legislative intent, discharged the defendant, because there was no evidence that he had concealed or transferred his property. In that case after reviewing the cases on the subject, Judge PARKER said on p. 289: "Is the petitioner entitled to a discharge? In the cases in which we have heretofore considered the Act of 1915, the 16th section of Article I, part of the Declaration of Rights of the Constitution of this Commonwealth, was apparently not taken into account. It is there provided: 'The person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law.' In passing the Act of 1901 the legislature had in mind this constitutional provision, for it made the granting of a discharge mandatory, even before sixty days had expired, where there was a compliance with the provisions of that insolvent law. The Acts of 1901 and 1915, insofar as they relate to petitions for discharge, are intended to accomplish the same purpose. The one act is available where the debtor has property and the other act provides for discharge of debtors who have neither means nor property to pay the judgment, and it would be a vain thing to make an assignment. It would seem to follow, if effect is to be given to the spirit of the constitutional provision, that a debtor who otherwise brings himself within the provisions of the Act of 1915, the insolvent law involved, is entitled to the same consideration as one

who, although he may have only a negligible amount of property, has assets to assign. In either case, if the applicant complies with the particular statute he is complying with the insolvent laws of the state and delivering up such estate as he has. *In other words, if a debtor is without means or property with which to pay the judgment, has not secreted or assigned any of his property, follows the procedure prescribed by the first three sections of that act, and there is not a strong presumption of fraud growing out of either the transaction which formed the basis of the judgment or the proceedings for discharge, he is entitled under the constitution of this Commonwealth to a discharge without waiting sixty days.*

"Viewing the controversy from another angle, we arrive at the same conclusion. While in *Matz v. Haug,* supra, and other cases construing this act we have said that before the expiration of sixty days, the right of one imprisoned for a civil debt to a discharge is a matter of grace, *this means that it is a matter of judicial discretion under the law* and the facts. We have not found a better description of judicial discretion than that given by Chief Justice MARSHALL in the case of *Osborn v. Bank of U. S.,* 22 U. S. 738, 866: 'Judicial power, as contra-distinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law.' " Also, see *Augustine v. Wolf,* 29 Pa. Superior Ct. 336.

"Legislation in this Commonwealth has shown a

decided trend away from affording to a creditor the remedy of imprisonment as a means of enforcing collection of judgments in civil actions." (Italics supplied). Further, on p. 291: "We deem the reasons assigned by the court below for its action insufficient. Even under the Act of 1836 this petitioner would have been entitled to a discharge without undergoing confinement for a minimum term, for the tort which formed the basis of the action in which the judgment was recovered was not founded upon actual force: *Doescher's Petition,* supra. If the reasons here assigned were sufficient to support the order of the court, it would be in rare instances that a defendant in any action in tort for negligence might not, at the will of court, be compelled to serve a minimum term of sixty days. To so hold would reverse the whole policy of the law. To refuse the petition is an exercise of the will of the judge rather than the settled policy of the Commonwealth as expressed in its constitution and by the legislature."

The foregoing principles were reiterated by our Supreme Court in the late case of *Young's Petition,* 327 Pa. 267, 192 A. 911, where in affirming the lower court, which discharged a defendant, it was said, at p. 270: "We are compelled to reach the same conclusion as the court below, that the evidence fails to disclose facts which would indicate that defendant has secreted or assigned any of his assets to avoid paying the judgment of the plaintiffs. He has answered all questions concerning his property and finances. While the testimony manifests his indifference to the obligation owing by him to the plaintiffs, it does not establish that there is any property or income, other than mentioned, available for the satisfaction of the judgment. Imprisonment for civil debt is abhorrent to the law of this Commonwealth. This policy has been established not only in the organic law of the Commonwealth, but

as well by legislative enactment, and the decisions of the courts."

The lower court evidently relied upon the fact that at the time of the recovery of the verdict, defendant had offered to pay $150 in full settlement. This was no evidence of what his ability to pay was at the time of the hearing for the discharge. The court in its opinion referred to a portion of the opinion of Mr. Justice BARNES in *Young's Petition,* supra: "The question whether the defendant has been guilty of fraud, or has secreted or assigned his property, is a matter of judicial discretion dependent upon the facts in each case." The same opinion concludes as follows: "However, once it is apparent that the defendant is without means to satisfy the judgment, and has not secreted or assigned his property, it is the duty of the court to grant the discharge of the defendant, otherwise the whim of the court is substituted for fundamental rights guaranteed by the Constitution and promulgated by acts of Assembly."

After careful consideration, we are of the opinion that the lower court erred, and that following the policy of the Commonwealth as expressed in our Constitution and by legislative enactment, the defendant should have been discharged.

Assignment of error sustained, order reversed and defendant discharged.