Opinion by
 

 Cunningham, J.,
 

 This appeal was taken by Bernice Proctor from the action of the Court of Common Pleas of Cambria County, in discharging from arrest Elmer Schry, a resident of Cambria County, against whom she had obtained a judgment, in Butler County, for the¡ sum of $300 and costs, in an action of trespass resulting from an automobile accident, and for whose apprehension a testatum capias ad satisfaciendum had been issued by the Court of Common Pleas of Butler County.
 

 Upon his arrest in Cambria County, Schry gave bond to appear in the common pleas of that county, institute proceedings under our insolvency laws, and obtain his discharge or go to jail. After a hearing duly had in Cambria County, the common pleas thereof denied a motion to dismiss the proceedings for want of jurisdiction and discharged Schry; this appeal followed.
 

 
 *532
 
 Appellant’s sole contention is that the Court of Common Pleas of Cambria County did not have jurisdiction to hear and determine appellee’s petition for his discharge as an insolvent debtor.
 

 The writ was issued on August 6, 1940, out of the Court of Common Pleas of Butler County to the sheriff of Cambria County in accordance with the provisions of the Act of June 16, 1836, P. L. 755, Sec. 81, 12 PS §2636, of which, inter alia, provides for the issuing of testatum writs of capias ad satisfaciendum into other counties, “returnable to the court from which they shall issue,” when a judgment debtor “cannot be found within the county where such judgment may be.” The sheriff of Cambria County was directed to apprehend the appellee “and him safely keep” to satisfy the judgment. The writ was returnable the first Monday of September, 1940; the return showed appellee had been arrested and released on bond.
 

 The above cited Act of June 16, 1836, P. L. 755, is silent as respects procedure when the judgment debtor alleges insolvency.
 

 At the same session of the legislature, however, another act, also approved June 16th and found at P. L. 729, 731, 39 PS §§241-2, was passed. It was entitled, “An Act Relating to Insolvent Debtors.” Under Section 2 of that act the power to grant relief to insolvent debtors arrested “by virtue of any process issued in any civil suit or proceeding, for the recovery of money or damages, or for the nonperformance of any decree or sentence for the payment of money,” was conferred upon “the court of common pleas of the county in which such
 
 debtor shall be arrested or
 
 detained(Italics supplied.) The act contained no specific provisions covering testatum writs.
 

 The act just cited was repealed and supplied by the Acts of June 4, 1901, P. L. 404, June 9, 1911, P. L. 728, and June 1, 1915, P. L. 704, which prescribe the
 
 *533
 
 procedure now in force for the discharge of insolvent debtors. See
 
 Miller’s Petition,
 
 119 Pa. Superior Ct. 283, 180 A. 901, and
 
 Young’s Petition,
 
 327 Pa. 267, 192 A. 911.
 

 In this case the bond was given, the hearing had, and the order of discharge appealed from entered under the provisions of the Act of 1915, 39 PS §§9-12. The present system for the relief of insolvent debtors seems to be equally silent relative to procedure upon writs of testatum capias ad satisfaciendum.
 

 The procedure here adopted was, however, definitely approved in
 
 Avery v. Seely,
 
 3 W. & S. 494. In that case Avery brought suit in Erie County upon a bond given by Seely after his arrest there on a testatum capias originally issued out of Luzerne County, the action being based upon the latter’s failure to petition the Court of Common Pleas of Luzerne County for his discharge within the required period, although such a petition had been presented in Erie County. The decision was primarily concerned with a construction of the bond, but the Supreme Court, in holding its condition had not been breached and that the petition had been properly filed in Erie County, expressly pointed out that the sheriff of Erie County had no authority to restrain and confine Seely elsewhere than in that county and that a proper execution of the writ neither required nor authorized him to take Seely to Luzerne County.
 

 It is true that the case just cited was decided while the Act of 1836, supra, relating to “Insolvent Debtors,” was in force, but we see no good reason for declining to apply the principles therein announced in the present situation.
 

 Order affirmed at costs of appellant.