## McCormick's Petition

*Milton Selkovits*, for petitioner.
*Rowley & Smith*, for respondent.

SOHN, J., April 10, 1946.—Arthur Tomson, on January 25, 1946, recovered a verdict in the Court of Common Pleas of Beaver County, Pa., against Ralph McCormick, in the sum of $3,000. The action was in trespass for personal injuries sustained by plaintiff, whose right eye had to be removed as a result of injuries inflicted by defendant. McCormick has been confined to the Beaver County jail since the verdict was returned, he having previously been surrendered by his bondsman and he remained in jail under a writ of capias ad

respondendum until February 6, 1946. On that day plaintiff entered judgment on the verdict and issued a writ of capias ad satisfaciendum and defendant has been in the Beaver County jail on this writ, since that date.

On March 20, 1946, defendant filed a petition under the provisions of the Act of June 1, 1915, P. L. 704, and a rule was issued to show cause why petitioner should not be discharged from arrest. The schedule attached to the petition shows a number of debts and obligations. Counsel for plaintiff accepted service and notice of the rule was published in the Evening Times, of Aliquippa, a daily newspaper of general circulation, and in the Beaver County Legal Journal. Service of the rule was also made, by registered mail, on petitioner's creditors. Upon the return of the rule, no creditors appeared except plaintiff, Tomson, who appeared by his counsel. Petitioner appeared, testified and submitted to cross-examination.

The Act of June 1, 1915, supra, provides, inter alia, as follows:

"Section 1: . . . any person arrested or held in custody, on or by virtue of any process issued on a judgment in any civil action in this Commonwealth, may present his petition to the court, or any law judge thereof, out of which the process or execution issues, praying for his discharge from arrest. The petition shall set forth the nature of the proceedings out of which the process, upon which the petitioner is held, issued, the amount of the judgment therein obtained, a schedule of all the assets of the petitioner, a list of the creditors of the petitioner with the amounts of their claims; the addresses of the creditors, and the nature of the debts owing to them; a statement as to why the petitioner is unable to pay the judgment, and shall be verified by the affidavit of the petitioner.

"Section 4: Upon the hearing of the rule the petitioner shall be required to answer all questions put to

him, and shall produce all books and papers required of him; and if it shall appear to the court that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the court may discharge him from arrest and in said proceedings; but such discharge shall not in any way affect the judgment entered against him."

The testimony discloses that petitioner and his wife were the owners of a Packard automobile. Sometime after petitioner was committed to jail he signed a power of attorney, and he believes the automobile was refinanced and title issued in his wife's name. This automobile was purchased in November or December of 1944, and Tomson was injured March 7, 1945. We do not believe that this automobile, owned by husband and wife, prior to the time the injuries were inflicted, is an asset contemplated by the statute.

In Young's Petition, 327 Pa. 267, defendant and his wife owned real estate and the court discharged petitioner from arrest. In Kubit v. Witt, 127 Pa. Superior Ct. 434, petitioner was the owner of a house and lot, title to which was vested in husband and wife as tenants by the entireties prior to the time the injuries were inflicted upon plaintiff. In each of these cases the court seems to have assumed, although not directly determined, that a tenancy by the entireties is not such an asset as to prevent discharge of defendant. In the latter case, defendant purchased an automobile and title was taken in his wife's name. In affirming the order of the court of common pleas discharging defendant, the Superior Court quoted from the opinion of Judge McNaugher:

"We find that the defendant could not have paid the judgment in any case and therefore the taking of title of the automobile in the name of the wife could not be fairly said to have been an act of secretion 'to avoid payment of the judgment'."

In the instant case, the listed obligations, including the claim of plaintiff, exceed $4,000, and defendant cannot pay the claims which he owes. We do not believe the McCormick automobile was an asset of petitioner contemplated by the statute, and, therefore, the transfer of title does not amount to a secretion or assignment of his property so as to avoid payment of the judgment.

The only other asset in which petitioner had an interest was a claim for refund on his 1945 income tax, filed with the Collector of Internal Revenue at Cleveland, Ohio. The amount of the claim was $339, and whether a refund will be allowed by the collector is of course uncertain. Petitioner since the taking of testimony, has made an assignment of his right to this refund to plaintiff so we need not consider this matter.

We are of the opinion that petitioner has complied with the provisions of the Act of 1915, that he has not secreted or assigned any of his assets, and he is entitled to be released from jail.

The Act of 1901 is available to those persons imprisoned for a civil debt who have made an assignment for the benefit of creditors and have not violated any of the provisions of the insolvency act, while the Act of 1915 is for the benefit of all persons who are without means or property with which to pay the judgment and have not secreted or assigned any of the property so as to avoid the payment of the judgment.

In Miller's Petition, 119 Pa. Superior Ct. 283, 288, the Superior Court held:

"The Act of June 4, 1915, has been considered on several occasions by this Court. In Petition of John Ostrowske, 79 Pa. Superior Ct. 311, the appeal was from an order discharging one held on a capias ad satisfaciendum issued on a judgment obtained in a case of trespass for false arrest and imprisonment. We there said (p. 314): 'The defendant may be discharged at any time if he impresses the court by a pres-

entation of facts as provided by the act. The court, however, may exercise its discretion and no doubt may consider the character of the action which resulted in the judgment, but after sixty days have expired, if the defendant complies with the law, he is entitled to his discharge. Before the expiration of sixty days it is a matter of grace, after that, it is a matter of right.' While the last sentence was in part obiter, in the case of Matz v. Haug, 80 Pa. Superior Ct. 583, the appeal was from an order refusing to discharge a prisoner held on a capias, executing a judgment obtained for criminal conversation, and there it was definitely held that 'may' should not be construed as 'shall' and what was obiter in the Ostrowske case was adopted as the law essential to the decision in the Matz case."

In Young's Petition, 327 Pa. 267, the Supreme Court held:

"Imprisonment for civil debt is abhorrent to the law of this Commonwealth. This policy has been established not only by the organic law of the Commonwealth, but as well by legislative enactment, and the decisions of the courts. In the Declaration of Rights of the Constitution, it is provided by Article I, Section 16: 'The person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law.' Under this provision of the Constitution, a debtor who has not secreted or assigned any of his property and is without means to pay his creditors, is entitled to a discharge from arrest or from imprisonment for debt, in the absence of a strong presumption of fraud arising from either the transaction upon which the judgment is based, or the proceedings for discharge."

A debtor who otherwise brings himself within the provisions of the Act of 1915, the insolvent law involved, is entitled to the same consideration as one who,

although he may have only a negligible amount of property, has assets to assign. In either case, if the applicant complies with the particular statute he is complying with the insolvent laws of the State and delivering up such estate as he has. In other words, if a debtor is without means or property with which to pay the judgment, has not secreted or assigned any of his property, follows the procedure prescribed by the first three sections of the act, and there is not a strong presumption of fraud growing out of either the transaction, which formed the basis of the judgment or the proceedings for discharge, he is entitled under the constitution of the Commonwealth to a discharge without waiting 60 days. In the instant case the petitioner has been in jail more than 60 days.

In Young's Petition, supra, Mr. Justice Barnes said:

"In cases arising under the two acts, the question whether the defendant has been guilty of fraud, or has secreted or assigned his property, is a matter of judicial discretion dependent upon the facts in each case. However, once it is apparent that the defendant is without means to satisfy the judgment, and has not secreted or assigned his property, it is the duty of the court to grant the discharge of the defendant, otherwise the whim of the court is substituted for fundamental rights guaranteed by the Constitution and promulgated by acts of Assembly: Miller's Petition, supra; see also In re Petition of John Ostrowske, 79 Pa. Superior Ct. 311; Matz v. Haug, 80 Pa. Superior Ct. 583; DeTurk v. Gackenbach, 96 Pa. Superior Ct. 38."

In this case, we are of the opinion that the petitioner is without means to satisfy the judgment, he has not secreted or assigned any of his property, and more than 60 days have elapsed since the commitment to jail under the writ of capias ad satisfaciendum, therefore the rule should be made absolute.

*Order*

And now, to wit, April 10, 1946, for the reasons stated in the foregoing opinion, the rule for discharge of defendant is made absolute and it is ordered that defendant, Ralph McCormick, be released from the Beaver County jail.