### In re McELWAIN.

### FIRST NAT. BANK OF DELTA, PA., v. WEAVER.

(Circuit Court of Appeals, Third Circuit. January 10, 1924.)

#### No. 3032.

1. **Bankruptcy ⬤⇒9(2)—Pennsylvania Insolvency Act not suspended by Bankruptcy Act.**

   Pennsylvania Insolvency Act is not a bankruptcy act, but is in harmony with the policy of the Bankruptcy Act and in aid of its purpose, and is not suspended by that act, though insolvency proceedings thereunder are superseded by institution of proceedings in bankruptcy.

2. **Bankruptcy ⬤⇒168—Trustee vested with rights of creditors against lien.**

   Pennsylvania Insolvency Act provides that a judgment confessed by an insolvent with intent to prefer a creditor shall inure to the benefit of all creditors if insolvency proceedings are commenced within four months after its entry. Bankrupt, then insolvent and with intent to give a preference, confessed judgment in favor of a creditor, and within four months thereafter insolvency proceedings were commenced against him under the state law, as, being a farmer, an involuntary petition in bankruptcy could not be filed against him. After expiration of the four months, he filed a voluntary petition in bankruptcy. *Held*, that under Bankruptcy Act, § 67b (Comp. St. § 9651), providing that whenever a creditor is prevented from enforcing his rights as against a lien created by his debtor, who afterward becomes a bankrupt, the trustee shall be subrogated to and may enforce such rights for the benefit of the estate, bankrupt's trustee was subrogated to the rights the creditors had under the state law when the petition was filed, and could enforce the lien of the judgment for the benefit of all creditors.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of H. Clay McElwain, bankrupt; Jacob E. Weaver, trustee. From an order of the District Court, denying it a preference, the First National Bank of Delta, Pa., brings error. Affirmed.

Henry C. Niles, of York, Pa., and Charles A. Hawkins, of Delta, Pa., for plaintiff in error.

Donald H. Yost, of York, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. On October 21, 1920, H. Clay McElwain, a Pennsylvania farmer, confessed judgment in a state court for $4,000 in favor of the First National Bank of Delta, Pa.

The Pennsylvania Insolvency Act of June 4, 1901 (P. L. 404; Pa. St. 1920, § 779), provides:

"That if any person, * * * being insolvent or in contemplation of insolvency, with a view to give a preference to any creditor * * * suffer or permit any judgment to be entered, by confession, * * * such judgment * * * shall inure to the benefit of all the creditors of such insolvent, if * * * proceedings in insolvency be commenced within four months after such judgment * * * shall have been entered."

Within such four months, to wit, on February 4, 1921, such proceedings were duly begun in the state court by a petition, wherein it was alleged that McElwain was insolvent; that said judgment was a preference and, by reason of his being a farmer, a petition in bankruptcy could not be filed against him. On February 21, 1921, that court adjudged McElwain insolvent.

In this status of the case, McElwain, on February 25, 1921, which was more than four months after his confession of the judgment in favor of the bank, filed a voluntary petition in bankruptcy, was adjudged bankrupt, a trustee was chosen, and his real estate sold divested of liens. On distribution of the proceeds thereof, the bank claimed preference on its said judgment, which claim was objected to on the ground that it was confessed by McElwain, when insolvent, and within four months of the state insolvency proceeding, and was therefore an unlawful preference... After hearing proofs, the referee found McElwain was insolvent when he confessed the judgment, that it was confessed with a view to giving a preference, and the bank knowingly received it as such.

Such being the facts, the referee held in effect that when the petition in bankruptcy was filed and the bankruptcy court took possession of McElwain's realty, the trustee, by virtue of section 67b of the Bankruptcy Act, which provides "that whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to, and may enforce such rights of such creditor for the benefit of the estate," was subrogated to the right the creditors of McElwain then had (and indeed were proceeding to enforce) to invalidate the bank's preference, and that as such state procedure was begun within four months of the date of the confession of the judgment, such judgment could be adjudged invalid by the court below sitting in bankruptcy, notwithstanding it was confessed

296 F.—8

more than four months before McElwain filed his petition in bankruptcy. The referee's view was adopted by the court, whereat the bank took this appeal.

After due consideration, we are of opinion the decree below should be affirmed.

[1] The Bankruptcy Act (Comp. St. §§ 9585–9656) provides for subrogation, and the only contention that can be made why it should not be made is that the insolvency proceeding in the state court was wholly invalidated by McElwain when he thereafter filed a petition in bankruptcy. Apart from the anomaly that the rights of creditors could be thus affected and the jurisdiction of the state court, once assumed, be defeated by the subsequent act of a debtor whose estate was in course of administration, we are of opinion that the only ground for such contention fails when it is held, as we now hold, that the Pennsylvania Insolvency Act is not a bankruptcy act, but it is in harmony with the policy of the Bankruptcy Act and in aid of its purpose. "It is only state laws which conflict with the bankruptcy laws of Congress that are suspended; those which are in aid of the Bankruptcy Act can stand." Stellwagen v. Clum, 245 U. S. 605, 615, 38 Sup. Ct. 215, 218 (62 L. Ed. 507). The Pennsylvania Insolvency Act is therefore not suspended by the National Bankruptcy Act. Such view, it is true, was taken by a District Court in this circuit in Closser v. Strawn, 227 Fed. 139; but we think that case fails to give due regard to the fact that the gist of a bankrupt act is first to make a statutory distribution of the assets of an insolvent to all his creditors, and, secondly, to grant a statutory discharge of all of his debts. Both of these compulsory statutory provisions the Pennsylvania Act lacks in that, as provided therein, no creditor participates in the distribution the act makes or in the discharge the act grants, except by the agreement of the creditor to share in the distribution and to discharge by release. In other words, it is the act of the creditor, and not the mandate of the act, that makes him share in the assets and effects a discharge, for the act (section 33) provides:

"Nothing in this act shall be taken or understood as discharging an insolvent from liability to such of his creditors as do not choose to exhibit their claims, or who, before the schedule of distribution is made or filed, withdraw their claims." Pa. St. 1920, § 770.

[2] It will thus be seen the state act in question is not a bankruptcy act, but one of insolvency administration, and while all proceedings thereunder are, of course, superseded when a bankrupt proceeding is begun, yet there is no reason why the bankrupt court should not avail itself of the status and proceedings then existing in the state court proceeding where such status or proceedings may aid in the administration by the bankruptcy court, of the bankrupt's property. This view of the state act finds support in cases, federal and state, in Pennsylvania.[1]

The judgment below is therefore affirmed.

[1] Johnson v. Crawford (C. C.) 154 Fed. 766; Citizens' Bank v. Gass, 29 Pa. Super. Ct. 125; Rittenhouse's Insolvent Estate, 30 Pa. Super. Ct. 468; Miller v. Jackson, 34 Pa. Super. Ct. 31; Hoover v. Ober, 42 Pa. Super. Ct. 308; Landis Machine Co. v. Cooper, 53 Pa. Super. Ct. 416.