962

**In re K–T SANDWICH SHOPPE OF AKRON, Inc.**

District Court, N. D. Ohio, E. D.   July 8, 1929.

No. 16725.

Paul G. Russell, of Akron, Ohio, for bankrupt.

Clarence R. Foust, of Akron, Ohio, for Peppas & Alex Co.

Paul Weick and R. A. Hershey, both of Akron, Ohio, Louis Gelbman, of Youngstown, Ohio, and Lewis A. Seikel, of Akron, Ohio, for creditors.

JONES, District Judge.   This matter was heard on a petition to review an order of the referee holding invalid a lien on certain property under a purchase-money chattel mortgage.

The bankrupt was a corporation having its principal office in the city of Youngstown, Ohio, under its articles of incorporation. Its restaurant business was conducted at Akron, Ohio. The property covered by the chattel mortgage of the Peppas & Alex Company was installed and essential to the conduct of the bankrupt's business at Akron. The mortgage was executed on May 21, 1928, and filed with the county recorder of Summit county, Ohio, on May 24, 1928. A receiver was appointed upon a judgment creditor's bill in the court of common pleas of Summit county, Ohio, on January 14, 1929. Subsequent thereto, on February 21, 1929, the Peppas & Alex Company filed a copy of its chattel mortgage in the office of the county recorder of Mahoning county, Ohio. An involuntary petition in bankruptcy was filed against this bankrupt on March 7, 1929, and adjudication was entered on March 28th thereafter. The bankrupt appears to have used the name K–T Sandwich Shoppe of Akron, Inc., in all of its relations to the trade and business, and it is apparent from the record and papers in the case that the busi-

ness was regarded as an Akron enterprise, although the officers and owners of the bankrupt company resided in Youngstown, Mahoning county, Ohio, and, according to the testimony of an officer of the company, the principal office of the bankrupt was maintained in the Dollar Bank or the Realty Trust Building at Youngstown, in which city a sandwich shop was operated as a partnership.

The main question involved relates to the effect of the common pleas receivership proceedings upon the chattel mortgage of the petitioner. This is obvious, since the copy of the chattel mortgage was filed with the county recorder of Mahoning county, Ohio, prior to the institution of the bankruptcy proceedings, and, unless the lien of the mortgage was lost in the state court proceeding, it is valid against the trustee in bankruptcy. In re Klein (C. C. A.) 197 F. 241, 248.

It is a general rule that a receiver acquires no greater rights in the property put into his possession by the appointing court then the debtor had, and that the receiver takes and holds such property subject to such equities and liens as exist, and to which the property was subjected in the possession of the debtor, or the person out of whose hands it was taken, when the receiver was appointed; but, except as to such liens as existed at the time of his appointment, such receiver generally holds the property for the benefit of general creditors under direction of the court, and no lien can be acquired after the receiver has taken possession of the res. Horn v. Pere Marquette R. Co. (C. C.) 151 F. 626, 633; H. K. Porter Co. v. Boyd (C. C. A.) 171 F. 305, 312, et seq.; T. L. Smith Co. v. Orr (C. C. A.) 224 F. 71; Shooters Island Shipyard Co. v. Standard Shipbuilding Corporation (C. C. A.) 293 F. 706, 716; Cornelius v. C. C. Pictures, Inc. (D. C.) 296 F. 487.

The trustee contends that since the petitioner's mortgage was not filed in the county of the residence of the mortgagor, as required by the Ohio laws (sections 8560, 8561, Gen. Code Ohio), it is void as to creditors asserting their rights through the state receivership; the trustee contending, further, that an equitable lien was created in favor of the state receiver for the benefit of all creditors, as well as the judgment creditor instituting the proceedings. The possession of the property taken by the state court receiver was for the benefit of those who should ultimately be held to be entitled to it—that is, the creditors—subject to any lien previously fastened thereon. The receivership proceedings put a charge upon the property for the benefit of creditors. By order of the state court in that proceeding, the property of the bankrupt was sequestered, and injunction against interference of the receiver's possession was issued, and proceedings to marshal liens and to sell the property were in process, when bankruptcy intervened. This was the situation, as well, when the petitioner filed a copy of its mortgage in the Mahoning county recorder's office on February 21, 1929.

Such a proceeding, it seems to me, fastened creditor's rights upon this property, and since the petitioner's mortgage was not filed in the county of the residence of the mortgagor, as required by the Ohio laws, it was void as to such creditors asserting their rights through the receivership. Bayne et al. v. Brewer Pottery Co. et al. (C. C.) 90 F. 754, 12 Ohio Federal Decisions, 301. Under its constitutional power to establish uniform laws on the subject of bankruptcies, Congress has dealt drastically with judgments and liens obtained through legal proceedings against insolvent persons within four months prior to the filing of the petition in bankruptcy (Bankruptcy Act § 67f, 11 USCA § 107(f), and has given the bankruptcy court an arbitrary option to preserve the lien created by such proceeding for the benefit of the bankrupt estate or to regard such lien null and void and permit the property affected by the lien to pass to the trustee as a part of the bankrupt estate. Other subsections of section 67, Bankruptcy Act (11 USCA § 107), respecting liens, are equally drastic and in the interest of preserving the rights of unsecured creditors; as, for instance, Bankruptcy Act, § 67a, 11 USCA § 107(a) providing that claims which for want of record, or for other reasons, could not have been valid liens as against the claims of creditors of the bankrupt, shall not be liens against his estate. It might be said that section 67f is double-barreled; it may destroy any advantage gained over the trustee in such proceeding by declaring it null and void, and at the same time may preserve any advantage gained thereby to the bankrupt estate, at the election of the court of bankruptcy.

Following intervention of bankruptcy, the court on due notice and hearing has ordered that the rights obtained by the state receiver for the benefit of creditors shall be preserved to the bankrupt estate. This is the effect of the order now under consideration. Thus the property covered by the pe-

titioner's mortgage, together with all other property in the possession of the state receiver, sequestered by the common pleas court, passes to the trustee with all the rights existing in the state receiver. Hetherington & Sons, Ltd., v. Rudisill (C. C. A.) 28 F. (2d) 713, 12 A. B. R. (N. S.) 581; In re McElwain (C. C. A.) 296 F. 112.

It is further contended by the petitioner that, in view of section 8623—9, General Code of Ohio (112 Ohio Laws, p. 12), which forms a new section of the Corporation Code, that the petitioner is excused from the requirement of filing a chattel mortgage on the property of a corporation in the county where it resides, where no actual notice of such residence is had by the mortgagee. That section provides that no person dealing with a corporation shall be charged with constructive notice of the contents of the articles of incorporation of the company by reason of the filing of such articles. It is provided by section 8561 of the Code of Ohio that chattel mortgages of the character here in question must be deposited with the county recorder where the mortgagor resides at the time of execution of such mortgage; otherwise, under section 8560, mortgages shall be absolutely void against creditors of the mortgagor.

By the laws of Ohio, the articles of incorporation of the corporation shall set forth the place where its principal office is to be located. Where the corporation's principal office is must of necessity be its residence, for the purpose of depositing chattel mortgages as required by section 8561. That this is so may be fairly concluded from the decisions of Ohio courts as to the residence of corporations. Pelton v. Transportation Co., 37 Ohio St. 450; Stanton v. Tax Commission, 26 Ohio App. 198, 204, et seq., 159 N. E. 340.

In view of these cases, it seems to me that it cannot be successfully asserted that the state Legislature had any intention that section 8623—9, General Code, should operate to dispense with the requirement of filing chattel mortgages on the property of a corporation in the county where it resides. It may seem reasonable that mortgages should be required to be filed only where the mortgaged property is located, or where the mortgagor does his business and uses such property; but the law clearly provides for filing chattel mortgages where the mortgagor resides. Since no claim is here made that the designating of the principal office of the bankrupt corporation as Youngstown, in its articles of incorporation, and the transaction of all of its business in Akron, was for a fraudulent purpose, the petitioner must bear the loss of its failure to comply with the law.

The order of the referee will be approved and confirmed, and the petition to review dismissed.