**In re COPTER, INC., Debtor.**

**Norman ACKERMAN, Esquire,**
**Trustee, Plaintiff,**

**v.**

**GLADWIN LEASING, Defendant.**

**Bankruptcy No. 80–01758K.**
**Adv. No. 81–0569K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

April 26, 1982.

Norman Ackerman, Philadelphia, Pa., Trustee/plaintiff.

Charles M. Weisman, Philadelphia, Pa., for defendant.

Michael Silberman, Blue Bell, Pa., for debtor.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on a complaint by the Trustee to avoid an al-

---

leged preferential transfer.[1] There is a somewhat unusual aspect to this case in that the statute under which the Trustee seeks recovery is not the Bankruptcy Code.[2] Instead, the cause of action arises under the laws of the Commonwealth of Pennsylvania. The Court finds that an avoidable preference has occurred in this case, and will direct that it be set aside.

The defendant became involved with the debtor in late 1979. Gladwin Tatem, president and sole shareholder of the defendant, joined forces with Stuart Atkins, president and sole shareholder of the debtor, in an attempt to revitalize Copter, Inc. As part of this effort, Gladwin Leasing advanced $24,030 to secure flight insurance for Copter, Inc. The debtor was a charter air service company and such insurance was necessary for operation.

In January of 1980, the policy paid by the defendant was cancelled. The insurer returned an unearned premium of $17,440 to the debtor. These funds were placed in a Copter, Inc. account. On April 15, 1980, these funds were transferred to the defendant. A voluntary petition under Chapter 7 of the Bankruptcy Code was filed on July 23, 1980. In May of 1981, the Trustee filed the within complaint to recover the payment to the defendant. After some preliminary motions were decided, the case came up for trial in January of 1982. Testimony was taken in full and the Court reserved decision on the matter.

The thrust of the Trustee's complaint is that the payment to the defendant was made while the debtor was insolvent and enabled this creditor to obtain a preference over other creditors. The Trustee argues that the transfer should be set aside so that payment could be made under the Bankruptcy Code for the benefit of all creditors.

■ Defendant, however, asserts that this transaction cannot be considered a preference. At all relevant times, it is alleged the funds were property of the defendant and were never property of the debtor. The Court does not find any merit in this defense. The transaction bears all the hallmarks of a loan. The defendant was to receive 15% interest on the funds. Furthermore, when the premium was refunded to the debtor, it was placed in a Copter, Inc. account and not returned to Gladwin Leasing. It was not until three (3) months later that the payment on the loan was made.

■ Defendant also asserts that the debtor was not insolvent when the transfer was made. Testimony at trial, however, showed the debtor to have been insolvent. Furthermore, financial statements clearly showed that the debtor was insolvent on a balance sheet test. The Court, therefore, finds that the transfer was a preference in violation of Pennsylvania law. The funds should be turned over to the Trustee for distribution to all creditors.

A last line of defense was offered by Gladwin Leasing. Defendant asserted that Title 39 of the Pennsylvania statutes could not be used by the Trustee in this case. Counsel asserted that this section was not applicable because no state court insolvency proceeding had been commenced. Absent such a proceeding, defendant alleges, section 151 of Title 39 cannot be used to avoid the transfer.

■ Section 544(b) of the Bankruptcy Code provides that the trustee may avoid any transfer which unsecured creditors

---

1. This Opinion constitutes the findings of fact and conclusions of law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.

2. The complaint was originally brought under both § 547(b) of the Bankruptcy Code (11 U.S.C. § 547(b) and Title 39 of the Pennsylvania Statutes regarding Insolvency and Assignments (39 *Pa.Stat.Ann.* § 151 (Purdon)). By Order of December 22, 1981, the Court ordered

the complaint dismissed insofar as recovery was sought under § 547(b). The transfer occurred outside of the 90-day period provided under the Bankruptcy Code. Title 39, however, has a four-month period. The Court ruled that § 544(b) of the Bankruptcy Code permitted the trustee to avoid transfers by asserting state law. The case, therefore, proceeded under the law of the Commonwealth of Pennsylvania.

could avoid under applicable state law. 11 U.S.C. § 544(b). *See,* also, *In re Verco Industries,* 10 B.R. 347 (Bkrtcy. 9th Cir. 1981); *In re Flanzbaum,* 10 B.R. 420 (Bkrtcy.S.D. Fla.1981); *In re Famous State Fair Meat Products, Inc.,* 19 B.R. 48 (Bkrtcy.E.D.Pa. 1982). The Bankruptcy Code imposes no requirement that state court litigation must have actually commenced to preserve the trustee's avoidance power. For example, the *Famous State* case, cited above, concerned litigation whereby the trustee sought to recover a fraudulent conveyance. The trustee proceeded under both § 548 of the Bankruptcy Code and state law. Pursuant to § 544(b) of the Code, the trustee sought recovery under the Uniform Fraudulent Conveyances Act which has been adopted in Pennsylvania. *See,* 39 Pa.Stat. *Ann.* § 351 *et seq.* This Court imposed no requirement that litigation actually be commenced in state court on the state law issues before the Trustee could seek recovery pursuant to state law. Nor did the Court, in the *Verco Industries* case, cited above, require that litigation concerning a bulk transfer, not in compliance with the state code,[3] actually be commenced in state court prior to bankruptcy to preserve the avoidance power.

The position advanced by the defendant is untenable. In conclusion, the Court finds that an avoidable preference was made to the defendant. Judgment will be entered in favor of the Trustee.

---

3. *West Ann.Cal.Com.Code* § 6101 *et seq.*