**In re COPTER, INC. Norman ACKERMAN, Trustee**

v.

**GLADWIN LEASING, INC.**

**Civ. A. No. 82–2791.**

United States District Court, E.D. Pennsylvania.

April 7, 1983.

**666**

Norman Ackerman, Philadelphia, Pa., for plaintiff.

Horace A. Stern, Philadelphia, Pa., for defendant.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Gladwin Leasing, Inc. ("Gladwin") appeals from an order of the bankruptcy court, 19 B.R. 588, allowing Norman Ackerman ("Ackerman"), trustee in bankruptcy for Copter, Inc. ("Copter") to avoid a transfer of $17,440 made by Copter to Gladwin 99 days before Copter filed for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701 *et seq.*) The bankruptcy court held that the transfer was voidable even though it was made more than 90 days before Copter's Petition for Bankruptcy because Pennsylvania's Insolvency Statute permits a trustee or creditor to avoid preferential transfers made within four months of a state insolvency proceeding or an assignment for the benefit of creditors. For the reasons hereinafter set forth, the Court will enter an Order reversing the judgment of the bankruptcy court and directing the Trustee to repay to Gladwin the amount of the transfer that was avoided by the challenged bankruptcy court order.

In late 1979, Copter, a charter air service company, was operating its business and procured a loan from Gladwin of $24,030 to pay for flight insurance for some of Copter's equipment. In January, 1980, Copter's flight insurance was cancelled and an unearned premium of $17,440 was returned to Copter, which held the money until April 15, 1980, at which time it paid these funds to Gladwin, since the loan was no longer needed for flight insurance premiums. On July 23, 1980, 99 days after this payment to Gladwin, Copter filed its Chapter 7 bankruptcy petition. In May, 1981, Ackerman filed a complaint in bankruptcy court seeking to recover these funds for the debtor's estate. Ackerman contended that the payment to Gladwin was a preferential transfer to a creditor that could be avoided by the trustee in order to enlarge the debtor's estate for the benefit of all creditors.

Ackerman filed the complaint pursuant to Section 544(b) and pursuant to Section 547(b)(4)(A) of the Bankruptcy Code. The bankruptcy court dismissed the § 547 claim because the trustee was unable to avoid the transfer pursuant to 11 U.S.C. § 547(b)(4)(A), which allows the trustee to avoid any transfer of property of the debtor made on or within 90 days before the date of the filing of the bankruptcy petition. The trustee invoked Section 544(b) on the ground that the Pennsylvania insolvency statute created a state law right for him to avoid any transfers made by Copter within 4 months before the filing of the bankruptcy petition.

Section 544(b) provides:

The trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim.

The state insolvency statute, 39 P.S. § 151, provides:

> If any person ... or corporation, being insolvent or in contemplation of insolvency, with a view to give a preference to any creditor or person having a claim ... shall make any payment, pledge, assignment, transfer, [or] conveyance ... for a debt then existing, whether due or not, such payment, pledge, assignment, transfer, conveyance, or encumbrance shall inure to the benefit of all the creditors of such involvement, *if any assignment for the benefit of creditors be made or proceedings in insolvency be commenced within four months after such ... payment, pledge, assignment, transfer, conveyance, or encumbrance shall have been ... made.*

(emphasis added).

The language of the state law shows that the Pennsylvania legislature was referring to state insolvency proceedings rather than to federal bankruptcy proceedings. The state statute specifically requires that there have been either "an assignment for the benefit of creditors" or that "proceedings in insolvency be commenced." Without the happening of one of these two events, there exists no benchmark from which to measure the four-month period during which the trustee may avoid transfers. In this case, there was no assignment for the benefit of creditors nor was there a state court receivership. Nevertheless, the bankruptcy court concluded that Copter's filing of the federal Chapter 7 petition qualified as a "proceeding in insolvency" within the meaning of the statute. However, a bankruptcy petition is not a "proceeding in insolvency" within the meaning of 39 P.S. § 151. Thus, the Pennsylvania law is not one which entitles the trustee to avoid transfers made within four months of the filing of a federal bankruptcy petition. The Order of the bankruptcy court must therefore be reversed.

The state statute itself clearly requires either an assignment for the benefit of creditors or a state proceeding in insolvency to establish the four-month avoidance peri-od. The filing of a federal petition in bankruptcy is not the same as a state "proceeding in insolvency". *See Schooley v. Schooley & Co.,* 355 Pa. 507 (1947); 50 A.2d 213, 215. Bankruptcy petitions do not always involve insolvent debtors. (*See, e.g.,* 11 U.S.C. § 1101 *et seq.,* regarding reorganization of bankruptcies). Further, if Pennsylvania's insolvency proceedings were synonymous with federal bankruptcies, the state statutory scheme, which differs substantially from the federal bankruptcy code, would create two distinct "bankruptcy laws" in Pennsylvania, that of the state as well as that of the federal government. The existence of two separate bankruptcy systems, one state and one federal, would violate the Constitutional power, which Congress has exercised, to make uniform bankruptcy laws throughout the country. *See Gallagher v. Keystone Realty Holding Company, et al.,* 333 Pa. 9, 3 A.2d 426 (1939); *Potts v. Smith Manufacturing Co.,* 25 Pa. Superior Ct. 206 (1904).

The limited case law interpreting 39 P.S. § 151 has held that a bona fide insolvency action must be brought in the state courts in order for there to be a "proceeding in insolvency" within the meaning of the statute. *See In re McElwain,* 296 F. 112 (3d Cir.1924); *Schooley v. Schooley & Co.,* 355 Pa. 507 (1947); 50 A.2d 213. Since there was no such state proceeding involving Copter and since there was no assignment by Copter for the benefit of creditors, 39 P.S. § 151 does not permit the trustee to utilize the 4-month reachback and avoidance period provided for under the state law. Thus, Ackerman cannot use this Pennsylvania statute as a basis for avoiding the debtor's pre-federal bankruptcy transfer to Gladwin, which took place more than 90 days prior to the filing in bankruptcy.

If this Court were to accept the bankruptcy court's reasoning, the 90-day pre-federal bankruptcy period for avoiding transfers set forth in 11 U.S.C. § 547 would become a 120-day period for avoiding transfers whenever a state reachback and avoidance period exists, since the bankruptcy court found a federal bankruptcy to also be

a state proceeding in insolvency. However, Section 544(b) provides only that the trustee may avoid a transfer "that is voidable under applicable law by a creditor." Thus, if there had been an assignment for the benefit of creditors or a state receivership, 39 P.S. § 151 would constitute "applicable law" and would permit a four-month reach-back *from the time of the assignment or state proceeding, not from the date of the federal filing in bankruptcy* (which governs the 90-day reachback period set forth in Section 547). The United States Constitution empowers Congress to establish uniform bankruptcy laws (Art. 1, sec. 8, cl. 4) and provides that such laws (*i.e.,* the current federal bankruptcy code) shall be supreme and shall pre-empt any state legislation inconsistent with the federal law. By erroneously equating a federal bankruptcy with a state "proceeding in insolvency", the bankruptcy court has given 39 P.S. § 151 a construction that brings it into direct conflict with the federal code and the Constitution. If a federal bankruptcy filing were to trigger 39 P.S. § 151 and act as the measuring point for the four-month reachback and avoidance period provided in the state statute, the 90-day pre-federal bankruptcy filing avoidance period set forth in 11 U.S.C. § 547 would become a 120-day period for all bankruptcies filed in Pennsylvania.

As heretofore pointed out, the reachback and avoidance period provided in 39 P.S. § 151 is not activated by the filing of a federal bankruptcy petition, but is specifically activated by the very words of the statute only when there has been an assignment for the benefit of creditors or a state proceeding in insolvency. An appropriate Order will be accordingly entered.