OPINION OF THE COURT
 

 PER CURIAM:
 

 This ease is on appeal from a district court order, 28 B.R. 665, entered April 8, 1983, and dated April 7, 1983 (153a), supported by an opinion of the same date (138a), reversing a bankruptcy court order, 19 B.R. 588, of April 6, 1982 (143a). We will affirm the district court order.
 

 On April 15,1980, Copter, Inc. (“Copter”) made a payment of $17,440. to Gladwin Leasing, Inc. (“Gladwin”).
 
 [1]
 
 On July 23, 1980, 99 days later, Copter filed a voluntary petition under chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 701-66 (Supp. Ill 1979) (the “Bankruptcy Code”); Norman Ackerman was appointed trustee.
 

 The trustee instituted adversary proceedings against Gladwin in the bankruptcy court seeking to recover the $17,440. payment as a preferential transfer. The trustee had two theories to support his characterization of the transfer as preferential. The first theory was that the transfer was preferential under section 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b). The bankruptcy court properly rejected this theory because the transfer was made more than 90 days before the filing of the bankruptcy petition, and section 547(b) provides only that transfers made within 90 days of the filing are preferential.
 

 The trustee’s second theory was that the transfer was a voidable preference under a Pennsylvania law, 39 Pa.Stat.Ann. § 151 (Purdons 1954),
 
 [2]
 
 which provides for a 120-day “reach-back” period if the transferor is “insolvent” at the time of the transfer. The trustee argues that the state statute was incorporated by section 544(b) of the Bankruptcy Code, 11 U.S.C. § 544(b),
 
 [3]
 
 which allows a trustee in bankruptcy to void any transfer “voidable under applica
 
 *39
 
 ble law by [an unsecured creditor].” The bankruptcy court, in rejecting a motion to dismiss this theory of recovery from Glad-win, concluded that 39 Pa.Stat.Ann. § 151 was “applicable law” within the meaning of section 544(b) of the Bankruptcy Code.
 

 After trial, on April 26, 1982, the bankruptcy judge found that the trustee had established that Copter was insolvent on April 15, 1980. Accordingly, the bankruptcy judge held that the $17,440. payment by Copter to Gladwin was a preferential transfer under 39 Pa.Stat.Ann. § 151. In the accompanying order, the court voided the transfer and entered judgment in favor of the trustee in the sum of $17,440.
 

 Gladwin appealed to the district court; on April 8,1983, the district court reversed. The district court held that 39 Pa.Stat.Ann. § 151 was not “applicable law” within the meaning of section 544(b) of the Bankruptcy Code and, consequently, the trustee could not challenge the alleged preferential transfer under that section.
 
 [4]
 

 The allegedly applicable provision of the Bankruptcy Code to the situation presented by this case is the wording in section 544(b), providing that the trustee may avoid a transfer if it is voidable “under applicable law” (see note 3 above).
 

 The trustee argues that any transfer that may be avoided under the state law four-month “reach-back” provision of section 151 (see note 2 above) may be avoided in federal bankruptcy proceedings. Before section 151 may apply, “proceedings in insolvency” must be commenced. The trustee argues that a chapter 7 bankruptcy proceeding in federal bankruptcy court is a “proceeding in insolvency” within the meaning of section 151 and that commencement of a chapter 7 proceeding satisfies the Pennsylvania statutory requirement.
 

 We disagree with the trustee’s argument that section 151 is applicable to this case. As the district court properly recognized, the Pennsylvania legislature was referring to state insolvency proceedings when it addressed voidable preferences in section 151.
 
 [5]
 
 References throughout the Insolvency Act indicate that the reference to “proceedings in insolvency” in section 151 was intended to incorporate the state insolvency procedure set forth in 39 Pa.Stat.Ann. § 31; there is no indication that section 151 referred to federal bankruptcy proceedings.
 
 See
 
 39 Pa.Stat.Ann. §§ 31,151,152. Moreover, there had been no assignment for the benefit of creditors, nor had a state court insolvency proceeding commenced.
 

 The decision of this court in
 
 In Re McEl-wain,
 
 296 F. 112 (3d Cir.1924), demonstrates how the Pennsylvania Act of June 4, 1901, was intended to operate in harmony with the Federal Bankruptcy Act.
 
 [6]
 
 Using this language at page 114, this court stated:
 

 “[T]he Pennsylvania Insolvency Act is ... in harmony with the policy of the Bankruptcy Act and in aid of its purpose.
 

 [[Image here]]
 

 “It will thus be seen the state act in question is not a bankruptcy act, but one of insolvency administration, and
 
 while all proceedings thereunder are, of course, superseded when a bankrupt [sic] proceeding is begun,
 
 yet there is no reason why the bankrupt [sic] court should not avail itself of the status and proceedings
 
 *40
 
 then existing in the state court proceeding where such status or proceedings may aid in the administration by the bankruptcy court, of the bankrupt’s property. This view of the state act finds support in cases, federal and state, in Pennsylvania.”
 

 [Emphasis added.]
 

 Accordingly, the judgment of the district court will be affirmed.
 

 [1]
 

 . On April 15, 1980, Copter owed Gladwin more than $24,000.
 

 [2]
 

 . The state statute, 39 Pa.Stat.Ann. § 151 (Act of June 4, 1901, P.L. 404, § 1), provides:
 

 “If any person, persons, firm, limited partnership, joint-stock company or corporation, being insolvent or in contemplation of insolvency, with a view to give a preference to any creditor ... shall make any payment,
 

 ... either absolutely or as collateral security for a debt then existing, ... such ... payment ... shall inure to the benefit of all the creditors of such insolvent, if an assignment tor the benefit of creditors be made or proceedings in insolvency be commenced within
 
 four months
 
 after such ... payment ... shall have been ... made_” (Emphasis added.)
 

 [3]
 

 .Title 11 U.S.C. § 544(b) provides:
 

 “(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title .... ”
 

 [4]
 

 . A second basis for the district court’s opinion was that the application of 39 Pa.Stat.Ann. § 151 was preempted by section 547(b) of the Bankruptcy Code. Because we feel that an interpretation of the Pennsylvania statute is dispositive of this case, we do not reach the preemption issue.
 

 [5]
 

 . Judge Broderick noted that:
 

 “The language of the state law shows that the Pennsylvania legislature was referring to state insolvency proceedings rather than to federal bankruptcy proceedings .... [A]
 

 bankruptcy petition is not a ‘proceeding in insolvency’ within the meaning of 39 P.S. 151.”
 

 (District court opinion at 3.)
 

 [6]
 

 .Under the Bankruptcy Act of 1898, 11 U.S.C. § 96, a transfer could be avoided if the trustee could show that the transfer had taken place within four months before the commencement of a case under the statute, when the debtor was insolvent, and the transferee either knew of such insolvency or had reasonable cause to believe that it existed. The Bankruptcy Act of 1898 was repealed by the Bankruptcy Reform Act of 1978, 11 U.S.C. § 401(a).