**In re KENVAL MARKETING CORPORATION, Debtor.**

**Bankruptcy No. 83–02723G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 28, 1984.

As Amended May 31, 1984.

---

Marvin Krasny, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for debtor, Kenval Marketing Corp.

Leonard J. Cook, Roger F. Wood, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for petitioning creditors, Churny Co., Inc., Cher-Make Sausage Co., and D.S. Stauffer Biscuit Co., Inc.

Jay G. Ochroch, Shelley V. Sodomsky, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for Larry Waslow, assignee for benefit of creditors.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The threshold question raised in the case at bench is whether an assignee for the benefit of the debtor's creditors has standing to object to the filing of an involuntary petition in bankruptcy against the debtor. If we find that he has, we must then decide whether the interests of the debtor and the creditors would be better served by our abstention. For the reasons stated herein, while we conclude that the assignee has the requisite standing, we will enter an order for relief against the debtor and will not abstain.

The facts of this case are as follows:[1] The debtor executed an assignment for the benefit of its creditors on March 8, 1983. Three creditors, who are owed 72% in amount of the claims against the debtor, filed an involuntary petition under chapter 7 of the Bankruptcy. Code ("the Code") against it on July 6, 1983. The assignee then filed a motion for dismissal of the petition in which the debtor joined. After the assignment the debtor was generally not paying its debts as they became due and, during the four month period prior to the assignment the debtor made substantial payments to each of the petitioning creditors for a total of $347,000.00. More than four months prior to the assignment, but not more than one year prior to the filing of the petition, the debtor made transfers of $275,000.00 to its president and his family and during this time the debtor also satisfied a $735,000.00 loan that was guaranteed by the debtor's president.

The first issue is whether the assignee has standing to object to the filing of the involuntary petition. Section § 303(d)[2] and Bankruptcy Rule 1011(a)[3] allow the debtor to challenge the involuntary petition although neither of these provisions expressly allows an assignee to contest it. We find that we need not reach this issue because the debtor has joined in

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Section 303(d) states as follows:
   (d) The debtor, or a general partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section.

3. Rule 1011(a) states as follows:
   (a) WHO MAY CONTEST PETITION. The debtor named in an involuntary petition may contest the petition. In the case of a petition against a partnership under Rule 1004(b), a nonpetitioning general partner, or alleged general partner, may contest the petition.

the assignee's motion to dismiss the petition and thus the assignee is deemed to have the debtor's standing.

The second issue is whether the three petitioning creditors are eligible to file an involuntary petition under 11 U.S.C. § 303(b)(1) notwithstanding the assignee's allegations that these creditors received avoidable preferences. In relevant part § 303(b) states as follows:

(b) An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; [or]

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims;

❖ ❖ ❖ ❖ ❖ ❖

Section 303(b)(2) allows one or two creditors to petition for relief under limited circumstances, but the petitioning creditors must not have received transfers voidable under any of the listed Code sections. Three or more creditors may petition for relief under § 303(b)(1) and no express proscription against filing by holders of voidable transfers is found in this provision. The inclusion of a bar against recipients of voidable transfers in § 303(b)(2) and the absence of such a prohibition in § 303(b)(1), a closely interrelated companion provision, raises the implication that creditors who received voidable preferences are not precluded from filing an involuntary petition under § 303(b)(1).

■ The assignee disputes this result based on *In re Kreidler Import Corp.*, 4 B.R. 256 (Bkrtcy.D.Md.1980) which held that creditors who were the recipients of voidable transfers could not petition for relief under § 303(b)(1). The court held that "Under former Bankruptcy Act ["the Act"], case law developed the policy that . . . a creditor with a voidable preference . . . was only qualified to join in the involuntary petition if he surrendered his preference at some time prior to adjudication. . . . The court finds that neither the new Code nor its legislative history requires a departure from the case law existing under the Act with respect to the disqualification of creditors in receipt of voidable preferences." 4 B.R. at 258–59. Contrary to *Kreidler* we do find a distinction between the Act and the Code. One subsection of the Act, § 59b,[1] former 11 U.S.C.

---

4. In relevant part § 59 states as follows:

§ 59 Who may file and dismiss petition

   ❖    ❖    ❖    ❖    ❖    ❖

(b) Three or more creditors who have provable claims not contingent as to liability against a person, amounting in the aggregate to $500 in excess of the value of any securities held by them, or, if all of the creditors of the person are less than twelve in number, then one or more of the creditors whose claim or claims equal that amount, may file a petition to have him adjudged a bankrupt; but the claim or claims, if unliquidated, shall not be counted in computing the number and the aggregate amount of the claims of the creditors joining in the petition, if the court determines that the claim or claims cannot be readily determined or estimated to be sufficient, together with the claims of the other

creditors, to aggregate $500, without unduly delaying the decision upon the adjudication.

   ❖    ❖    ❖    ❖    ❖    ❖

(e) In computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, there shall not be counted (1) such creditors as were employed by the bankrupt at the time of the filing of the petition; (2) creditors who are relatives of the bankrupt, or, if the bankrupt is a corporation, creditors who are stockholders or members, officers or members of the board of directors or trustees or of other similar controlling bodies of such bankrupt corporation; (3) creditors who have participated, directly or indirectly, in the act of bankruptcy charged in the petition; (4) secured creditors whose claims are fully secured; and (5) creditors who have received

§ 95(b), provided that three or more creditors could file an involuntary petition in certain circumstances while that *same* subsection authorized the filing of such a petition by one or two creditors under different facts. Another subsection, § 59e, provided that in "computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, there shall not be counted ... (5) creditors who have received preferences, liens, or transfers void or voidable under this title." Under the *Act* the bar of § 59e applied to *all* of § 59b, which necessarily included a filing by three or more creditors or a filing by fewer than three. This changed with the passage of the Code which placed the rule for three or more creditors in one subsection and the rule for fewer than three creditors in another. Only the latter subsection contains the bar and, consequently, only creditors attempting to file under that provision (§ 303(b)(2)), are precluded from successfully filing if they hold voidable preferences.

■ The third issue is whether the petitioners have presented a prima facie case for the entry of an order for relief. Our inquiry begins with § 303(h)[5] which states in part that the court shall order relief against the debtor if he is generally not paying his debts as they become due or if, within 120 days before the filing of the

petition, a custodian was appointed or took possession of the debtor's property. A custodian includes an assignee under a general assignment for the benefit of the debtor's creditors. 11 U.S.C. § 101(10)(B). The petitioning creditors assert that although the assignment for the benefit of creditors is technically defective under the requirements of state law, it still bore the essential attributes of an assignment within the meaning of § 303(h)(2). The creditors alternatively contend that the debtor has ceased doing business since the purported assignment and, consequently, has not been generally paying its debts as they became due. § 303(h)(1). As noted above we have found that the debtor generally was not paying its debts and therefore we need not reach the issue of the validity of the assignment under state law.

■ Since the creditors have presented a prima facie case for the entry of an order of relief against the debtor, we must address the fourth issue in this controversy, which is whether we should grant the assignee's motion to abstain from hearing the case due to 11 U.S.C. § 305.[6] The legislative history of this section states in part as follows:

> [T]he court is permitted, if the interests of creditors and the debtor would be better served by dismissal of the case or suspension of all proceedings in the case,

---

preferences, liens, or transfers void or voidable under this title.

\*  \*  \*  \*  \*  \*

5.  Section 303(h) states that:

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due; or

(2) within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed to took possession.

6.  § 305. Abstention

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is pending a foreign proceeding; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

(b) A foreign representative may seek dismissal or suspension under subsection (a)(2) of this section.

(c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.

to so order. The court may dismiss or suspend under the first paragraph, for example, if an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement, and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 325, *reprinted in,* 1978 U.S.Code Cong. & Admin.News 5787, 6281. The issue is dependant on the avoidability of certain transfers made by the debtor. The assignee asserts that he will be able to avoid transactions amounting to $347,000.00 made within the fourth month vulnerability period provided by state law, although said transfers occurred more than ninety days prior to the filing of the involuntary petition and thus ostensibly are not avoidable under 11 U.S.C. § 547(b) of the Code. *But see,* 11 U.S.C. § 544(b). The petitioning creditors contend that transfers in excess of $1,000,000.00 were made to insiders of the debtor within one year of the filing of the involuntary petition, which would be avoidable under bankruptcy law although not avoidable under state law. *See, e.g., Goldberger v. Davis Jay Corregated Box Corp.,* (In Re Mercon Industries, Inc.), 37 B.R. 549 (Bkrtcy.E.D.Pa. 1984). The petitioning creditors and the assignee have pointed to testimony of record which supports their respective positions. Since creditors holding approximately 72% of the value of the claims against the debtor have petitioned for an order for relief against the debtor and since the recovery of the insiders claims will substantially augment the estate, we will not abstain.

We will enter an order of relief against the debtor on the involuntary petition.